UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WATER SCIENCE TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-795 |
| | § | |
| BLACKHORSE OILFIELD SPECIALTY | § | |
| AND SUPPLY, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

**AMENDED MEMORANDUM AND ORDER**

## I.      FACTUAL OVERVIEW

Prior to the trial in this case, Water Science Technologies, LLC ("WST")[1] named Blackhorse Oilfield Specialty and Supply, LLC ("Blackhorse") and its owner, Jason Legnon ("Legnon") (collectively, the "Blackhorse defendants") as defendants.  Blackhorse, in turn, filed a third party complaint against New Age Holdings, LLC ("New Age") and its principal, Martin Korn ("Korn") (collectively, the "New Age defendants"), as third party defendants against whom it seeks damages.

WST sued the Blackhorse defendants for breach of contract, which Blackshore concedes; unjust enrichment; money had and received; and fraudulent and negligent misrepresentation. The Court on cross-motions for summary judgment by WST (ECF Nos. 28 & 29) and Blackhorse defendants (ECF Nos. 30, 31 & 40)[2]  granted WST's motion on its contract claim

---

[1] Although WST amended its complaint and added New Age and Korn as additional defendants, no justiciable cause of action is alleged against them.

[2] Although labeled a "partial motion for summary judgment," the Blackhorse defendants' motion amounts to a full summary judgment motion because it seeks judgment on all remaining counts (Counts 2–5) filed against them.

and denied the remainder of its claims based in tort, save its fraudulent misrepresentation claim. That sole claim is tried to the Court.

## II.    CONTENTIONS OF THE PARTIES

From a factual perspective, WST's suit is simple and straight forward.  WST contracted for the purchase of hydrating guar gum ("goods") offered for sale by Blackhorse.  WST contends that Blackhorse's representations concerning the availability of the goods led them to believe that the goods were available in Houston.  WST asserts that February 24, 2014, emails from Blackhorse stating . . . "I have 10 FCL at 1.35 per lbs. "and" . . . I have a few containers of CMHPG if you are in need . . ." represent that these goods are available to Blackhorse "in stock in Houston."  As a result, according to WST, it advanced the purchase price of $270,000 to Blackhorse.  However, the goods were not forthcoming and when WST sought to take receipt of the goods, WST was turned back.

Blackhorse disputes WST's claim that WST relied on Blackhorse's email language as it claims, and further asserts that the language is not fraudulent.  The trial evidence is undisputed that the WST's funds were transferred to a guar gum supplier by Blackhorse that failed to promptly release the goods for pick-up.  Blackhorse contends that WST was aware that its source was a foreign manufacturer and that Blackhorse did not warehouse the good, but instead relies on goods that were available in Houston warehouses.

Against New Age, WST merely asserts negligence and gross negligence in handling Blackhorse's business toward WST.  [*See* footnote 1].  However, prior to trial, New Age entered into a stipulated judgment favoring Blackhorse in the amount of $250,000, attorney's fees of $3,000; and pre and post judgment interest.  *See* [Inst. No. 64].

III.    **LEGAL STANDARD**

In order to prevail on a claim of fraudulent misrepresentation under Texas law, a plaintiff must establish the following:  "(1) a material misrepresentation; (2) the representation was false; (3) the defendant either knew the representation was false or recklessly asserted it without knowledge of its truth; (4) the defendant intended that the plaintiff should act upon the representation; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff was injured as a result."  *Harris Cnty., Tex. v. MERSCORP Inc.*, --- F.3d ---, 2015 WL 3937927, * 9 (5th Cir. June 26, 2015)(citing *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011)).  "A promise to do an act in the future is actionable fraud if representations are made with the 'intent to deceive and with no intention of performing as represented.'"  *Coffel v. Stryker Corp.*, 284 F.3d 625, 633 – 34 (5th Cir. 2002) (quoting *Formosa Plastics Corp. United States v. Presidio Eng'rs & Contrs., Inc.*, 960 S.W.2d 41, 48 (Tex. 1998) (involving a claim for fraudulent inducement)).  "While a party's intent is determined at the time the party made the representation, it may be inferred from the party's subsequent acts after the representation is made."  *Coffel*, 284 F.3d at 634 (quoting *Spoljaric v. Percival Tours, Inc.*, 708 S.w.2d 432, 434 (Tex. 1986)).  "In order to prove reliance, the party claiming fraud must show actual and justifiable reliance on the defendant's representations" as "fraud does not exist unless the defendant's representations induced the plaintiff to take a particular course of action." *Coffel*, 284 F.3d at 634 (internal citations omitted).

IV.    **ANALYSIS AND DISCUSSION**

Regarding WST's fraudulent misrepresentation claim, the Court determines that Blackhorse's conduct does not constitute fraud.   The emails offered into evidence on intentionality or recklessness fail to establish either of those elements.  Moreover, those elements

are refuted by trial testimony that establishes a course of dealings between the parties both before and after the sale in question.  There is no evidence that Blackhorse knew that its statement that it had a "few containers in stock in Houston" would be interpreted as ownership of the goods by Blackhorse.  Blackhorse, as WST, relied on a source that did not deliver even though the goods were currently in Houston.  Therefore, WST's fraudulent misrepresentation claim fails.

The Court grants WST's request for attorney's fees, consequential and incidental damages, and costs of Court.  TEX. CIV. PRAC. & REM. CODE § 38.001(8).  On or before August 10, 2015, WST shall submit an affidavit for attorney's fees and a proposed final judgment that incorporates Blackhorse's judgment against New Age.

It is so ORDERED.

SIGNED on this 22nd day of July, 2015.

_____
Kenneth M. Hoyt
United States District Judge